IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEX MADRID, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:22-CV-0982-D |
| VS. | § |
| | § |
| UNITED STATES OF AMERICA, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In this medical malpractice suit alleging claims under the Federal Tort Claims Act, 28 U.S.C. 1346(b), *pro se* plaintiff Alex Madrid ("Madrid") requests a pretrial settlement conference under Fed. R. Civ. P. 16 and moves for partial summary judgment. Defendant United States of America (the "government") opposes the request and motion and moves for a continuance of the partial summary judgment motion under Rule 56(d). For the reasons that follow, the court grants the government's motion for a Rule 56(d) continuance and denies as premature Madrid's request for a settlement conference.

I

Madrid filed this action on May 3, 2022, alleging claims for negligence in connection with the diagnosis and treatment of various heart and lung conditions at the Dallas Veterans Affairs Medical Center. On July 28, 2022 the court entered a scheduling order ("Scheduling Order") that, in pertinent part, set February 1, 2023 as the deadline for designating expert witnesses, June 1, 2023 as the deadline for completing discovery, and July 3, 2023 as the

deadline for filing motions for summary judgment.

On October 11, 2022, just over one month after the government filed its answer to Madrid's first amended complaint ("amended complaint"),[1] Madrid filed a request for a pretrial settlement conference pursuant to Rule 16(a). The government opposes this request, contending that it is diligently investigating Madrid's claims, that it will not be in a position to meaningfully discuss settlement until at least receiving some preliminary analysis from medical experts, and that alternative dispute resolution or a court-supervised settlement conference would be beneficial after expert disclosures.

On November 1, 2022 Madrid filed a motion for partial summary judgment, seeking judgment on counts 3 and 4 of his amended complaint. In the motion, Madrid acknowledges that discovery will not close under the Scheduling Order until June 1, 2023; he maintains, nevertheless, that "[t]here can be no genuine dispute as to any material fact for failure to inform, diagnose or treat plaintiff for [pulmonary hypertension or pulmonary fibrosis]." P. Br. (ECF No. 21) at 3, 6. In response to Madrid's motion, the government moves to defer consideration of, or to deny, the motion under Rule 56(d).[2] Madrid opposes the government's motion. The court is deciding the request and motion on the briefs.

---

[1]Madrid filed his amended complaint on August 24, 2022.

[2]The government filed its first motion on November 22, 2022, docketed as ECF No. 23. It amended the motion later on the same date, docketed as ECF No. 25, because in the first version it inadvertently failed to include appendix citations and a certificate of conference. ECF No. 25 at 1 n.1. The government states that the court may ignore the version docketed as ECF No. 23. *Id.*

II

The court grants the government's Rule 56(d) motion to defer consideration of Madrid's motion for partial summary judgment.

"[Rule 56(d)] is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus Int'l Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (Fitzwater, J.) (citing *Owens v. Estate of Erwin*, 968 F. Supp. 320, 322 (N.D. Tex. 1997) (Fitzwater, J.) (referring to former Rule 56(f)). Rule 56(d) functions as a "safe harbor" that has been "built into the rules so that summary judgment is not granted prematurely." *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) (referring to Rule 56(f)). "[Rule 56(d) ] motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

The government has established through the declaration of Assistant United States Attorney George M. Padis that, although it has diligently pursued discovery, it cannot yet present the expert testimony that is essential to justify its opposition to Madrid's motion for partial summary judgment. Accordingly, viewing the government's motion favorably and with the liberality that the law requires, the court concludes under the circumstances of this case that the government should not be required to respond to Madrid's motion for partial summary judgment until it has had sufficient time to conduct its own fact and expert discovery. The government must therefore file its opposition response to Madrid's motion no later than June 1, 2023. The motion for partial summary judgment will be statistically

closed at this time and reopened on the date the government files its opposition response. Madrid's reply brief in support of his motion for partial summary judgment will be due 14 days after the response is filed. *See* N.D. Tex. Civ. R. 7.1(f).

III

Madrid's request for a pretrial settlement conference is denied as premature.

This court's practice is not to order parties to participate in settlement conferences too early in the litigation, when at least one side thinks the process is premature. In its experience, such efforts rarely result in settlement, but almost always increase the parties' costs and delay the litigation. The government opposes a settlement conference at this time, contending that the government "will require the assistance of medical experts to assess Madrid's claims." D. Br. (ECF No. 20) at 2. The court therefore denies Madrid's motion.

The court reminds the parties, however, of their obligations under N.D. Tex. Civ. R. 16.3(a): "Parties in a civil action must make good-faith efforts to settle. Settlement negotiations must begin at the earliest possible time, well in advance of any pretrial conference." Consistent with Rule 16.3(a), the court will entertain a request for a settlement conference later in the case, assuming the parties have not already engaged in settlement discussions on their own.

* * *

The court grants the government's Rule 56(b) motion for a continuance and defers and statistically closes Madrid's motion for partial summary judgment. The court denies Madrid's request for a pretrial settlement conference as premature.

**SO ORDERED**.

January 27, 2023.

                                                    SIDNEY A. FITZWATER
                                                    SENIOR JUDGE